

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2082
Re: Maximum compensation of Sheriff -
Tax Assessor-Collector in counties
of less than 25,000 inhabitants -
Ex officio compensation of Sheriff -
Tax Assessor-Collector in such
counties.

Your request for opinion has been received and
carefully considered by this department. We quote from
the letter of the Sheriff-Tax Assessor-Collector to you
which you enclosed, as follows:

"Crane County has a population under
25,000 inhabitants and therefore the Sheriff,
Tax Assessor and Collector is under one and
the same office. The Commissioners' Court for
the year 1939 as per the minutes of said court
allowed the sheriff an annual ex-officio
salary of $1,000.00 payable monthly as author-
ized by Article 3934. This amount was paid
the sheriff out of the general fund of the
county. The office collected also something
over $6500.00 in fees. In figuring the sheriff,
tax assessor and collectors fees for 1939 the
$1000.00 paid under Article 3994 was included
in the maximum fees allowed. In other words
the office collected enough fees to pay the
maximum fees under Article 3885 of $3000.00
(this including the $600.00 of excess fees al-
lowed under Art. 3891, but in figuring the maxi-
mum fees the auditor for the county contends
that the $1000.00 allowed the sheriff under
Art. 3934, Sec. 2, for summoning jurors in

Hon. George H. Sheppard, Page 2

district and county court, serving all elections notices, etc. as ex officio salary and paid out of the general fund of the county should be figured in along with the other fees of office in computing the maximum fees of $3000.00 which Art. 3883 and Art. 3891 authorizes him to receive. But the Sheriff, Tax Assessor and Collector contends that this $1000.00 as ex officio salary allowed him under Art. 3934 for performing the duties specified under said Article as sheriff should not be added in as a part of the fees authorized under Art. 3883 and 3891. In other words he contends that he should receive the $1000.00 as ex officio salary as sheriff, since it was allowed by the commissioners court, and also the $3000.00 of maximum fees allowed under Article 3883 for assessing and collecting. Sheriff, Tax Assessor-Collector in surrounding counties under 25,000 population are receiving the $1000.00 ex officio, besides maximum fees for collecting and assessing as contended by this office."

Section 16 of Article 8 of the Texas Constitution reads as follows:

"The sheriff of each county, in addition to his other duties, shall be the assessor and collector of taxes therefor; but, in counties having ten thousand (10,000) or more inhabitants, to be determined by the last preceding census of the United States, an assessor and collector for taxes shall be elected to hold office for two (2) years, and until his successor shall be elected and qualified."

Article 7246, Revised Civil Statutes, reads as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the assessor and collector of taxes, and shall have and exercise all the rights, powers and privileges,

Hon. George H. Sheppard, Page 3

be subject to all the requirements and re-
strictions, and perform all the duties im-
posed by law upon assessors and collectors;
and he shall also give the same bonds re-
quired of a collector of taxes elected."

Article 3883, Revised Civil Statutes, reads
in part as follows:

"Except as otherwise provided in this
act, the annual fees that may be retained
by precinct, county and district officers
mentioned in this article shall be as fol-
lows:

"1. In counties containing twenty-five
(25,000) thousand or less inhabitants:
County Judge, District or Criminal District
Attorney, Sheriff, County Clerk, County Attor-
ney, District Clerk, Tax Collector, Tax
Assessor, or the Assessor, or the Assessor
and Collector of Taxes, Twenty-four Hundred
($2400.00) Dollars each; Justice of the
Peace and Constable, Twelve Hundred ($1200.00)
Dollars each."

Article 3891, Revised Civil Statutes, reads in
part as follows:

"Each officer named in this chapter
shall first out of the current fees of his
office pay or be paid the amount allowed
him under the provisions of Article 3883,
together with the salaries of his assistants
and deputies, and authorized expenses under
Article 3899, and the amount necessary to
cover costs of premium on whatever surety
bond may be required by law. If the current
fees of such office collected in any year
be more than the amount needed to pay the
amounts above specified, same shall be deemed
excess fees, and shall be disposed of in the
manner hereinafter provided:

Hon. George H. Sheppard, Page 4

"In counties containing twenty-five
thousand (25,000) or less inhabitants, Dis-
trict and County officers named herein shall
retain one-third of such excess fees until
such one-third, together with the amounts
specified in Article 3883, amounts to Three
Thousand Dollars ($3000). Precinct officers
shall retain one-third until such one-third,
together with the amount specified in Article
3883, amounts to Fourteen Hundred Dollars
($1400).

". . . .

"The compensations, limitations and maxi-
mums herein fixed in this Act for officers
shall include and apply to all officers men-
tioned herein in each and every county of this
State, and it is hereby declared to be the
intention of the Legislature that the provi-
sions of this Act shall apply to each of said
officers, and any special or general law in-
consistent with the provisions hereof is
hereby expressly repealed in so far as the
same may be inconsistent with this act.

"The compensation, limitations and maxi-
mums herein fixed shall also apply to all
fees and compensation whatsoever collected
by said officers in their official capacity,
whether accountable as fees of office under
the present law, and any law, general or
special, to the contrary is hereby expressly
repealed. The only kind and character of
compensation exempt from the provisions of
this Act shall be rewards received by Sheriffs
for apprehension of criminals or fugitives
from justice and for the recovery of stolen
property, and moneys received by county judges
and justices of the peace for performing marriage
ceremonies, which sum shall not be accountable
for and not required to be reported as fees of
office."

Hon. George H. Sheppard, Page 5

Article 3895, Revised Civil Statutes, reads as follows:

"The commissioners' court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided in this chapter, the commissioners' court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the commissioners' court." (underscoring ours)

Article 3934, Revised Civil Statutes, reads as follows:

"Sheriffs shall also receive the following compensations:

"1. For all process issued from the Supreme Court or Courts of Civil Appeals and served by them, the same fees as are allowed them for similar service upon process issued from the district court.

"2. For summoning jurors in district and county courts, serving all election notices, notices to overseers of roads and doing all other public business not otherwise provided for, not exceeding one thousand dollars per annum to be fixed by the commissioners' court

Hon. George H. Sheppard, Page 6

at the same time other ex officio salaries
are fixed, and to be paid out of the general
funds of the county; provided, that no such
ex officio salary shall be allowed any
Sheriff who had received the maximum salary
allowed by law." (underscoring ours)

This department has repeatedly held that the
office of Sheriff and Tax Collector in counties having
a population of less than 10,000 inhabitants is one in-
separable office under the Constitution.  See opinion
No. 1713, dated March 2, 1917, written by Hon. O. W.
Taylor and Hon. C. M. Cureton, Assistants Attorney General,
recorded in Vol. 49, Page 14, Records of the Attorney
General of Texas.

This department has repeatedly held that in
counties having a population of less than 10,000 inhabi-
tants where the office of Sheriff-Tax Assessor-Collector
is combined in one office and held by one officer that
said officer is entitled to retain only one maximum
salary and is not entitled to three maximums.  See opinion
of this department, dated June 29, 1936, written by Hon.
Joe J. Alsup, Assistant Attorney General, and recorded
in Vol. 372, page 458, Letter Opinions of the Attorney
General of Texas.

The case of Tarrant County vs. Smith (Civ. App.-
Writ of Error refused) 81 SW 2d 537, holds that a sheriff
who had already earned the maximum compensation allowed
by law was required to return amount collected as ex
officio compensation, although such sum had been ordered
paid by commissioners' court.  We quote from said case
as follows:

"The Sheriff was paid in advance in
1928 by the commissioners' court $800 as
ex officio fees for summoning jurors. R.S.
Art. 3934.  That year he made his maximum
compensation of $5000 exclusive of that
$800.  In such event it was his duty, under
such above statute, to return the $800 to
the county.  He did not do so.  This holding

Hon. George H. Sheppard, Page 7

does not amount to setting aside the judg-
ment of the commissioners' court which order-
ed the $800 paid. We assume that judgment
to be valid. By the subsequent events, to-
wit, the collection otherwise and thereafter
of the maximum pay, Mr. Smith became obligat-
ed to return that money."

You are respectfully advised that it is the
opinion of this department that the sum of Three Thousand
($3000.00) Dollars is the maximum amount that the Sheriff-
Tax Assessor-Collector of Crane County is allowed to re-
tain for the year 1939 under the facts stated in your
letter. The sheriff would not be entitled to any ex
officio salary in such instance but if it had been paid
to him he would be required to return it to the county.
Any and all sums in excess of $3000.00 received by the
sheriff should be returned to the county.

Trusting that this satisfactorily answers your
inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AW

APPROVED MAR 22, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN